# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| YOUNG YIL JO,<br><br>    Plaintiff,<br><br>vs.<br><br>SIX UNKNOWN NAMES AGENTS and BARACK OBAMA,<br><br>    Defendants. | Cause No. CV 13-00097-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Young Yil Jo, a federal inmate formerly confined in Texas, proceeding without counsel, has filed an incoherent civil rights complaint. (Dkt. 1). The Federal Bureau of Prisons website indicates Yil Jo was released on May 8, 2013. According to the envelope in which the Complaint was received, Yil Jo is currently being held in the U.S. Immigration and Customs Enforcement Processing Center in El Paso, Texas.

Although Yil Jo does not appear to have a relationship to Montana, this is his sixth lawsuit filed in this district. *See* Civil Action Nos. 12-CV-0117-BLG-

RFC; 12-CV-161-BLG-RFC; 13-CV-0007-M-DLC; 13-CV-00018-M-DLC, and 13-CV-00046-M-DWM.

As with his previous lawsuits, Yil Jo did not pay the $350.00 filing fee and did not submit an application to proceed in forma pauperis. Because this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g), the Court will not direct Yil Jo to pay the fee or file a motion for leave to proceed in forma pauperis.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Yil Jo has filed several hundred civil actions which were dismissed as frivolous, malicious, or for failure to state a claim. He has received three strikes in at least two federal district courts. See *Yil Jo v. Six Unknown Named Agents*, No. CV-11-1963-RSM (W.D. Wash., Mar. 26, 2012); *Yil Jo v. Six Unknown Named Agents*, No. CV-12-76-JLR ( W.D. Wash, Mar. 9, 2012); *Yil Jo v. Six Unknown Named Agents* No. CV-11-2159-JLR (W.D. Wash., Feb. 21, 2012); *Jo v. Six Unknown Named Agents*, No. 1:08-CV-00005 (E.D. Ca. Jan. 16, 2008); *Jo v. Six*

*Unknown Named Agents*, No. 1:08-CV-00031 (E.D. Ca. Jan. 16 2008); *Jo v. Six Unknown Named Agents*, No. 1:08-CV-1260 (E.D. Ca. Aug. 29, 2008); *Jo v. Six Unknown Named Agents*, 1:08-CV-1254 (E.D. Ca. Sept. 9, 2008). According to an August 10, 2012 Order out of the Eastern District of California, Yil Jo had filed over one-hundred fifty civil cases in that district alone. *Yil Jo v. Six Unknown Names Agents*, No. 1:12cv01279-AWI-GBC(PC).

Yil Jo has far exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). Even when construed liberally in Yi Jo's favor, the allegations in his Complaint do not support a finding that he is in "imminent danger of serious physical injury."

Ordinarily litigants are given a period of time to pay the $350.00 filing fee, but Yil Jo should not be allowed to do so given his abusive litigation practices. He should have known he could not submit additional complaints without paying the filing fee or demonstrating imminent danger of serious physical harm.

Yil Jo is not entitled to a ten-day period to object. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration

3

will be entertained.

Based upon the foregoing, the Court issues the following:

**RECOMMENDATION**

Yil Jo should not be allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 20th day of May, 2013.

                                                /s/ Jeremiah C. Lynch
                                                Jeremiah C. Lynch
                                                United States Magistrate Judge